# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 25-1836 B.R. v. Fairfax County School Board, et al. |
| **Originating No. & Caption** | 1:19-cv-00917 B.R. v. Fairfax County School Board, et al. |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Va., Alexandria Div. |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 USC § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 06/27/2025 | |
| Date notice of appeal or petition for review filed | 07/23/2025 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | 05/22/2024 | |
| Date order entered disposing of any post-judgment motion | 06/27/2025 | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ⦿ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 21-1005 | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Please see attached page. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) | |
|---|---|
| The first issue is whether the district court committed legal error in treating consent or "welcomeness" of sexual contact as pertinent to a Title IX claim, and hence as potentially excusing school officials' failure to protect a twelve-year-old child from sexual assault and sexual harassment. The second issue is whether the district court committed legal error by misunderstanding and misapplying the legal standards under Title IX both for expert testimony and for evidence of the harms to the plaintiff. The third issue is whether the district court committed legal error concerning the notice elements for sexual-harassment claims under Title IX and gross-negligence claims under state law. | |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) | |
|---|---|
| Adverse Party: Fairfax County School Board<br><br>Attorney: Sona Rewari<br>Address: Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br><br>E-mail: srewari@HuntonAK.com<br><br>Phone: (202)-955-1500 | Adverse Party: Fairfax County School Board<br><br>Attorney: Ryan M. Bates<br>Address: Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br><br>E-mail: rbates@HuntonAK.com<br><br>Phone: (202)-955-1500 |
| **Adverse Parties (continued)** | |
| Adverse Party: Fairfax County School Board<br><br>Attorney: Kevin S. Elliker<br>Address: Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, D.C. 20037<br><br>E-mail: kelliker@HuntonAK.com<br><br>Phone: (202)-955-1500 | Adverse Party: A.F., S.T., T.B., P.A.H., B.H., M.P.F., M.C., and J.F.<br><br>Attorney: Michael E. Kinney<br>Address: Michael E. Kinney, PLC<br>1801 Robert Fulton Drive, Suite 120<br>Reston, Virginia 20191<br><br>E-mail: mk@kinneyesq.com<br><br>Phone: (703)-956-9377 |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name: J.O.<br><br>Attorney: Bruce M. Blanchard<br>Address: Odin, Feldman & Pittleman, P.C.<br>　　　　　1775 Wiehle Avenue, Suite 400<br>　　　　　Reston, Virginia 20190<br><br>E-mail: Bruce.Blanchard@ofplaw.com<br><br>Phone: (703)-218-2102 | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (continued) | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Richard B. Katskee　　　　**Date:** 09/17/2025

**Counsel for:** B.R.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

[Print to PDF for Filing] [Reset Form]

*B.R. v. Fairfax County School Board, et al.*, No. 25-1836

I.     Nature of the Case

B.R. was a seventh-grade student at Rachel Carson Middle School, a public school in Fairfax County, Virginia. Between October 2011 and February 2012, B.R. was repeatedly sexually assaulted and harassed by other students at school. B.R. and her mother complained to and sought help from teachers and administrators to stop the abuse. But their complaints were never taken seriously and their pleas for action went unanswered. Because the school district and its officials didn't fulfill their legal obligations to protect her as the harms to her mounted, B.R. was forced to cease in-person learning. And when the officials still did nothing to fix the problems but instead placed additional burdens on B.R.'s access to educational opportunities guaranteed by Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1689, during the period of homebound instruction, she and her family ultimately left Virginia. B.R. now lives with Post-Traumatic Stress Disorder because of the abuse at school and the school district's failures to address and protect her from that abuse.

B.R. sued the Fairfax County School Board and several school officials, as well as a former classmate who raped her at school and another who assaulted and battered her. She claimed that the school district and its administrators and teachers violated Title IX by failing to respond appropriately to her complaints of sexual harassment and sexual assault. B.R. also claimed that the school officials violated her rights under Title IX and the First Amendment to the U.S. Constitution by retaliating against her for complaining and seeking help. She further claimed that the teachers and administrators were grossly negligent by failing to supervise and care for her. And she brought tort claims against the students who assaulted her. (The claims against the student who raped her at school were settled on the eve of trial.)

The jury returned a verdict for the defendants. B.R. then filed her Motion for a New Trial, which the district court denied, giving rise to this appeal.